**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICARDO RICKETTS,

                    Petitioner,

          v.

YOLANDA PITTMAN, et al.,

                    Respondents.

Civil No. 26-2112

**ORDER**

**CECCHI, District Judge.**

This matter is before the Court upon Ricardo Ricketts's ("Petitioner") motion for reconsideration. ECF No. 16. Respondents opposed the motion, ECF No. 19, and Petitioner replied. ECF No. 20. For the reasons discussed below, the motion is denied.

**WHEREAS** on March 12, 2026, the Court ordered Respondents to show cause as to why Petitioner should not be immediately released under conditions pending adjudication of his habeas petition because of "extraordinary circumstances"—namely, his wife's late-stage pregnancy. ECF No. 11; and

**WHEREAS** in response that day, Respondents indicated that the Department of Homeland Security ("DHS") opposed release because Petitioner had failed at his initial bond hearing to meet his burden of proving that he was not a danger to the community or a flight risk. ECF No. 12; *see also* ECF No. 12-1 (order denying bond); and

**WHEREAS** that evening, the Court held a telephonic conference with counsel for the parties to discuss the order to show cause. On that call, the Court requested additional submissions from Petitioner concerning his bond hearing and his wife's pregnancy. The Court also asked

counsel for Respondents to inquire about whether release under conditions of supervision was feasible; and

**WHEREAS** the following day, Petitioner filed a transcript of his bond hearing, ECF No. 13 ("Tr."), and certain of his wife's medical records.  ECF No. 14.  Respondents also advised that DHS opposed release under conditions of supervision; and

**WHEREAS** immediately prior to his current detention, Petitioner was arrested for an alleged robbery with use of force in violation of N.J. Stat. Ann. § 2C-15-1(a)(1).  ECF No. 10 ¶ 11.  Although this charge was subsequently reduced and then dismissed, *id.*, the transcript of the bond hearing reveals the serious nature of the allegations against Petitioner:  "[t]he conduct alleged was striking the victim"—Petitioner's ex-girlfriend—"and taking her phone."  Tr. at 2:12, 3:7; and

**WHEREAS** in light of these allegations, the Court declined to release Petitioner.  ECF No. 15 at 1 n.1; and

**WHEREAS** Petitioner now moves for reconsideration of that decision on four grounds.  First, he contends that the Court determined that the Petitioner received a constitutionally adequate bond hearing even though the procedure at that hearing was "constitutionally deficient."  ECF No. 16 at 2–3.  Second, Petitioner argues that the Court's order to show cause placed a burden on Respondents to justify continued detention, which he asserts they failed to do.  *Id.* at 3.  Third, Petitioner takes issue with the Court's explanation of its reasoning for declining to grant Petitioner release.  *Id.*  Fourth, he argues that changed circumstances justify his release because his wife has gone into labor.  *Id.* at 12–15; *see also* ECF No. 20 at 1; and

**WHEREAS** contrary to Petitioner's argument, the Court has not made any decision regarding the adequacy of Petitioner's bond hearing.[1] The Court's prior order merely denied Petitioner's immediate release under conditions and directed Respondents to answer the petition. ECF No. 15; and

**WHEREAS** Respondents explained why they opposed release by indicating that Petitioner had failed to show that he was not a danger to the community or a flight risk.[2] ECF No. 12; and

**WHEREAS** the Court lacks the jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, including by reweighing the evidence. See *Perez Flores v. Rokosky*, No. 25-17865, 2025 WL 3677304, at *1 (D.N.J. Dec. 18, 2025) (citing 8 U.S.C. § 1226(e)); and

**WHEREAS** with respect to this Court's decision on release, it declined to release Petitioner under conditions based on the allegations of criminal conduct in the record. It is "appropriate for the Court to consider whether the petitioner is a . . . danger to the community" in deciding whether such release is warranted. *Ozturk v. Trump*, 783 F. Supp. 3d 801, 808 (D. Vt. 2025); *Cursey v. Olson*, No. 23-534, 2025 WL 572816, at *2 (E.D. Wis. Feb. 21, 2025) (denying release under conditions pending adjudication of a habeas petition where the petitioner had "not provided any evidence that he [was] not likely to . . . pose a danger to the community if released"). Moreover, that a criminal charge was dismissed does not preclude consideration of the conduct underlying that charge. *See Saguilan v. Bondi*, No. 25-18980, 2026 WL 63745, at *1–2 (D.N.J. Jan. 8, 2026) (declining to grant a new bond hearing where the petitioner was previously denied

---

[1] Petitioner states that he does not seek review of the immigration judge's bond decision. ECF No. 20 at 2 ("Petitioner is not asking this Court to overturn the IJ's bond decision."). To the extent that Petitioner seeks to challenge the fundamental fairness of his bond hearing, the Court will address that issue upon receipt of the submissions ordered at ECF No. 15.

[2] DHS continues to oppose Petitioner's immediate release on these grounds. ECF No. 19 at 1.

bond because he had "failed to meet his burden to establish that he was not a danger in light of [an] insufficiently explained . . . assault charge" even though that charge was "previously dismissed"). Here, Petitioner was accused of "striking" his ex-girlfriend. *See* ECF No. 15 at 1 n.1; Tr. at 2:12, 3:7 ("The conduct alleged was striking the victim and taking her phone."). Given the serious nature of that alleged conduct, Petitioner has not persuaded the Court that release under conditions is appropriate. *See Cursey*, 2025 WL 572816, at *2; and

WHEREAS although the Court recognizes the nature of Petitioner's wife's pregnancy, any changed circumstances with respect to the pregnancy do not alter the facts relating to Petitioner's own alleged conduct. Accordingly, the Court finds that Petitioner has not carried his "high burden" to obtain release under conditions here. *Kennedy v. Mason*, No. 20-3512, 2021 WL 106378, at *1 (E.D. Pa. Jan. 11, 2021) ("Petitioners seeking bail pending habeas review . . . carry a 'high burden.'" (citation omitted)).

IT IS therefore on this 18th day of March, 2026,

ORDERED that Petitioner's motion for reconsideration (ECF Nos. 16, 20) is DENIED; and it is further

ORDERED that the schedule set out in the Order to Answer (ECF No. 15) shall remain in effect; and it is further

ORDERED that the Clerk's Office shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**